UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

RONALD BORDEAUX, JR.,

                Plaintiff,

v.

KENT COUNTY CORRECTIONAL
FACILITY,

                Defendant.

_____/

Case No. 1:16-cv-164

Honorable Gordon J. Quist

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Factual Allegations

Plaintiff Ronald Bordeaux, Jr. presently is incarcerated with the Michigan Department of Corrections at the Lakeland Correctional Facility, though the incidents about which

he complains occurred while he was housed at the Kent County Correctional Facility (KCCF).  He sues only the KCCF.

Plaintiff alleges that he suffered a number of deprivations while he was housed at the KCCF between April 16 and June 30, 2015.  According to the complaint, Plaintiff has been jailed at KCCF 39 times over the years and, during those incarcerations and his many incarcerations at other jails and prisons across the state, facility floors frequently are wet, because prisoners are kept busy mopping them. While he was on his way to his sentencing hearing on June 4, 2015, Plaintiff was instructed by an unknown black male officer to walk down the hallway at KCCF, across an area of wet floor that had just been mopped by a jail trustee.  The wet floor was marked by a cautionary sign.  While walking across the wet area, Plaintiff fell, fracturing his knee cap.  Plaintiff also suffered an injury to the muscles of his lower left back and left hip.  Plaintiff complains that, on the date of his injury, he had a number of physical problems with his back and feet that caused him difficulty walking:  degenerative disc disease, arthritis, bone spurs, pinched nerves, bulged discs, and crushed heels that are held together with pins, plates screws and wires.  He asserts that, because of these disabilities, he should have been given a wheelchair by the escorting officer.

Following the accident, Plaintiff apparently was taken to the emergency room, where his knee was x-rayed.  Plaintiff was told that the patella fracture required surgery to place pins in the knee. Plaintiff received surgery on June 23, 2015. Plaintiff complains that he was not given any pain medication by unnamed healthcare providers at KCCF, either before or after the surgery, despite being prescribed such medications by the emergency-room doctor and the surgeon.  Instead, he complains, officers and medical staff at KCCF have treated him with disrespect and have mocked his pain.

Plaintiff seeks compensatory damages for the injuries he suffered in the fall, the failure to provide him with pain relief and other medical care, and the verbal abuse.

### Discussion

I.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff sues the Kent County Correctional Facility, the jail operated by Kent County. The jail is a building, not an entity capable of being sued in its own right. However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Kent County.

Kent County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Id.* In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509. It is the court's task to identify the officials or governmental bodies which speak with final policymaking authority for the local government in a particular area or on a particular issue. *McMillian v. Monroe County*, 520 U.S. 781, 784-85 (1997).

In matters pertaining to the conditions of the jail and to the operation of the deputies, the sheriff is the policymaker for the county. MICH. COMP. LAWS § 51.75 (sheriff has the "charge and custody" of the jails in his county); MICH. COMP. LAWS § 51.281 (sheriff prescribes rules and regulations for conduct of prisoners); MICH. COMP. LAWS § 51.70 (sheriff may appoint deputies and revoke appointments at any time); *Kroes v. Smith*, 540 F. Supp. 1295, 1298 (E.D. Mich. 1982) (the sheriff of "a given county is the only official with direct control over the duties, responsibilities, and methods of operation of deputy sheriffs" and thus, the sheriff "establishes the policies and customs described in *Monell*"). Thus, the court looks to the allegations in Plaintiff's complaint to determine whether Plaintiff has alleged that the sheriff has established a policy or custom which caused plaintiff to be deprived of a constitutional right.

Plaintiff's action fails at this first step because his allegations have not identified a policy or custom. A "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff. *Monell*, 436 U.S. at 690. Plaintiff has not asserted that there is an official policy. The Sixth Circuit has explained that a "custom"

> for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law. In turn, the notion of "law" includes deeply embedded traditional ways of carrying out state policy. It must reflect a course of action deliberately chosen from among various alternatives. In short, a "custom" is a "legal institution" not memorialized by written law.

*Claiborne Cnty.*, 103 F.3d at 507 (citations and quotations omitted).

Plaintiff fails to allege the existence of a policy that caused his injury. Moreover, Plaintiff's only allegation which pertains to the existence of a custom is his contention that KCCF, like many jails and prisons in which he has been housed, regularly instructs trustees to mop the floors. Even construing Plaintiff's complaint liberally, *see Haines*, 404 U.S. at 520, such a custom is itself not violative of the constitution. Plaintiff does not allege that the Kent County had a policy

of failing to warn prisoners of wet floors, and he acknowledges that a warning sign was posted at the time of his injury.  Moreover, Plaintiff's conclusory allegation that an unknown officer should have provided him with a wheelchair because of his unique ambulatory problems falls short of articulating facts that would support a conclusion that even that officer was more than negligent, which is insufficient to state a § 1983 claim against the officer. *Daniels v. Williams*, 474 U.S. 327 (1986) (negligence causing a jail inmate to slip and fall fails to state a claim under § 1983).  More importantly, Plaintiff makes no allegation that the sheriff had a custom of failing to act which resulted in the conduct that caused plaintiff's injuries.  Mere negligence in failing to take preventive measures is insufficient to show § 1983 liability. *Molton v. City of Cleveland*, 839 F.2d 240, 246 (6th Cir. 1988).  Thus, Plaintiff has failed to allege that the sheriff, as final policymaker for conditions of the jail and operations of the deputies, had a policy or custom that caused Plaintiff to be deprived of a constitutional right.

Where a plaintiff fails to allege that a policy or custom existed, dismissal of the action for failure to state a claim is appropriate. *Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff's allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation).  Therefore, the Court will dismiss Plaintiff action because he has failed to state a claim upon which relief may be granted.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  March 7, 2016                              /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE